IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 15-256 |
| v. | ) |
| | ) Judge Cathy Bissoon |
| SEMORI WILSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Semori Wilson's ("Defendant's") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ("Motion," Doc. 1075).  For the reasons discussed below, Defendant's Motion will be denied.

Defendant asserts that his severe obesity and his age—which make him more susceptible to severe illness if infected with COVID-19—are "extraordinary and compelling" reasons for a reduction in sentence.  (Motion at 8–10; 19–23)   He argues that his exposure to the virus is inevitable at his current facility, FCI Elkton.  (Id. at 11–12.)

In its Response, the Government concedes that, in the context of the COVID-19 pandemic, Defendant's severe obesity may be an "extraordinary and compelling reason." ("Response," Doc. 1090 at 4–5.)   However, it contends that Defendant remains a danger to the community and that factors in 18 U.S.C. § 3553(a) ("3553 Factors") cannot support a reduction in sentence to time-served.

Defendant filed a Reply, arguing that the analytical framework offered by the Government for Defendant's request is flawed, that the risks posed by his criminal history are overstated, and that serving his original sentence will not make him less likely to recidivate. ("Reply," Doc. 1091 at 3–6.)   Defendant also reiterates that he has made extensive efforts to rehabilitate himself, that his family has suffered significant tragedies and could use him at home,

1

and that the Government's argument that Defendant might spread the virus are based on conjecture. (Id. at 7–8.)

After careful consideration of the parties' arguments, the Court finds that the 3553 Factors cannot support a reduction in sentence. Moreover, a reduction in sentence would be inconsistent with the Policy Statement 1.1B13 of the Sentencing Guidelines, because Defendant likely remains a danger to the community.

This Court sentenced Defendant to 121 months of incarceration for acting as the supplier for a large-scale, multi-kilogram drug trafficking operation in Uniontown, PA. (Doc. 505; Response at 3.) Defendant conducted cocaine transactions in kilogram to multi-kilogram quantities, and he possessed firearms and body armor for protection. (Doc. 466 at 7–10.) Despite a previous lengthy sentence for a cocaine offense, Defendant returned to, and dramatically increased the severity of, his drug-related criminal behavior upon release. (Id. at 15.) His legitimate work history is dubious. (Doc. 466 at Doc. 496 at 2–3; Response at 6.) All in all, Defendant's criminal history and the sheer scale of his drug trafficking do not cause the undersigned to have "generalized (albeit legitimate) concerns about the dangers of guns and drugs." United States v. Somerville, 2020 WL 2781585, at *12 (W.D. Pa. May 29, 2020). Rather, they convince the Court that, as the Government argues, Defendant is likely to pose a continued danger to the community and that his immediate release is contrary to the Court's duty to protect the public from further crimes by him.

Additionally, Defendant has served only approximately half of his original sentence, which is also approximately half of the ten-year mandatory minimum sentence for the count of conviction. (Doc. 505; Response at 6.) Both of these realities weigh against Defendant. While a sentence may be reduced below a mandatory minimum under 18 U.S.C. § 3582(c)(1)(A), a

reduction below a mandatory minimum poses a greater risk of the new sentence not reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. The same can be said for cutting Defendant's sentence in half.  See United States v. Pawlowski, 2020 WL 4281503, at *2 (3d Cir. June 26, 2020) ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may . . . inform whether immediate release would be consistent with those factors.").  A period of approximately five years' incarceration for Defendant's conduct is simply not sufficient and would send the wrong message to others inclined to lead this type of drug-dealing operation.

The Court does credit Defendant on his rehabilitative efforts while in prison and has sympathy for the tragic events his family has faced over the past few years.  (Motion 23–25; Reply at 7.)  The undersigned also rejects the Government's argument that his release "could increase" the spread of COVID-19.  (Response at 8.)  However, the 3553 Factors as a whole do not support Defendant's request.

Therefore, consistent with the above, Defendant's Motion to Reduce Sentence, (Doc. 1075), is **DENIED**.

IT IS SO ORDERED.

August 17, 2020                                   s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge


cc (via ECF email notification):
All Counsel of Record