IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 15-256 |
| v. | ) | |
| | ) | |
| SEMORI WILSON, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Semori Wilson's ("Defendant's") Third Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ("Motion," Doc. 1106), based on COVID-19 related health concerns. Defendant has filed two prior motions for compassionate release, which were both denied. The first motion was denied on August 17, 2020, and the second motion was denied on December 10, 2020. See the Court's Orders at Docs. 1092, 1095. For the reasons discussed below, Defendant's Motion will be denied.

Since the Court's Order on the second motion, as the Government notes, Defendant's circumstances have changed in four respects: Defendant is now at FCI Morgantown, not at FCI Elkton; he has served more time since his last motion; he avers he suffers from one additional physical ailment, namely hypertension; and last, Defendant is now vaccinated with the Pfizer COVID-19 vaccine. Response (Doc. 1121) at 1, 3; Doc. 1121-1 (Government exhibit of Defendant's vaccination records). Defendant raises a number of arguments about conditions at FCI Morgantown, including that the Bureau of Prisons (BOP) is not accurately reporting COVID-19 case numbers and that FCI Morgantown is not following the more rigid COVID-19 protocols it once was. Motion at 3-6. Defendant also discourages the Court from relying on the

numbers reported by BOP.  Id.  At the time the Government wrote its Response, it found that there were no COVID-19 infections amongst inmates and five current cases among staff at FCI Morgantown.  Response at 2.  As of this writing, the Court finds there are no COVID-19 infections amongst inmates and one current case among staff at FCI Morgantown.  See https://www.bop.gov/coronavirus/ (accessed November 17, 2021).  These numbers do not support Defendant's description of conditions at FCI Morgantown, but the Court recognizes that circumstances may have changed since the time Defendant drafted his Motion, which was filed with the Court on October 8, 2021.  As to the protocols followed by the staff at FCI Morgantown, which Defendant claims are not adequate to protect prisoners from the risks of COVID-19—those decisions are within the discretion of BOP and their determination of relative risk levels given the changing nature of the pandemic and the availability of vaccines.  See Motion at 3-6.  Last, and most importantly, conditions at Defendant's institution may be relevant to the Court's analysis but are not dispositive, because the Court must also perform a particularized analysis of the individual and his sentence.

To that end, Court recognizes that some of Defendant's health conditions are serious and may place him at greater risk of death or injury if he were to contract COVID-19.  Nevertheless, the Court also recognizes that the vaccine provides a significant amount of protection for Defendant.  Moreover, even assuming Defendant's health conditions and age, alone or combined, present significant risk despite his vaccinated status, the Court is required to balance them against the considerations resulting in his original sentence, pursuant to 18 U.S.C. § 3553.  And in this regard, the Court's analysis remains unchanged.  As the Government notes, Defendant has served approximately 60 percent of his 121-month sentence.  See Judgment (Doc. 505); Response at 1.  His offense was serious, as the Court previously noted—he was a supplier

for a large-scale, multi-kilogram drug trafficking operation—and he has a significant criminal history, including a prior lengthy sentence for a cocaine offense.  See prior Order (Doc. 1092) at 2.  A time-served sentence would not satisfy the ten-year mandatory minimum sentence for the count of conviction, and while a sentence may be reduced below the mandatory minimum under 18 U.S.C. § 3582(c)(1)(A), a reduction below a mandatory minimum poses a greater risk of the new sentence not reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment.  See prior Order (Doc. 1092) at 2-3; United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020) ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may . . . inform whether immediate release would be consistent with those factors.").  In imposing sentence, the undersigned factored in the serious nature of his offense and the needs for just punishment, deterrence and rehabilitation.  Those considerations remain salient, and they are not outweighed by the risks associated with Defendant remaining incarcerated.  Given this, the Court finds that a reduced sentence coupled with home confinement would also not be appropriate.

The Court notes that Defendant has attempted, at considerable length, to demonstrate to the Court that his risk of recidivism is low and highlights his rehabilitation.  Risk of recidivism is but one of the many factors the Court considers.  See 18 U.S.C. § 3553.  In addition, while the Court does commend Defendant on his rehabilitative efforts while in prison, including participation in programming, this is what the Court hopes is always the case when a defendant is incarcerated.  The Court has also reviewed the letters in support written on his behalf and is sympathetic to the losses in his family Defendant has had to bear.  Letters in Support (Doc. 1101); Motion at 8.  It appears that Defendant has considerable ties to his community, which the

Court hopes are a positive influence and will motivate Defendant to serve the remainder of his sentence well.

Having weighed the specific facts and circumstances regarding Defendant, vis-à-vis COVID-19—along with all of the considerations in Section 3553—the Court cannot agree that release is warranted. For these reasons, Defendant's Motion (**Doc. 1106**) for reduction of sentence is **DENIED**.

IT IS SO ORDERED.

November 17, 2021                                                s\Cathy Bissoon
                                                                 Cathy Bissoon
                                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record

Semori Wilson (40209054)
FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507